UNITED STATES OF AMERICA
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED GENERAL SUPPLY CO., INC. | CIVIL ACTION NO. 15-1975 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| 2NDS IN BUILDING MATERIALS, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant 2nds in Building Materials, Inc.'s ("2nds") Motion to Dismiss Count 6 of Plaintiff's First Amended Complaint. See Record Document 16. Count 6 relates to the alleged infringement of U.S. Patent No. 7,806,155 ("the 155 Patent"). See Record Document 13. Plaintiff United General Supply Co., Inc. ("United General") opposed the Motion to Dismiss. See Record Document 18. For the reasons set forth below, the Motion to Dismiss is **DENIED**.

**I.  Background.**

This is an action for patent infringement filed by United General. See Record Document 13 (First Amended Complaint). 2nds sells and commissions the design of furniture, home decor, and home building materials to consumers in the United States and, more particularly, in the Western District of Louisiana. See id., ¶ 2. 2nds does business as Discount Building Materials & Home Decor and/or Southeastern Salvage Home Emporium in Shreveport, Louisiana and operates a store at 8989 Mansfield Rd., Shreveport, Louisiana. See id.

Pursuant to 35 U.S.C. § 282, the 155 Patent is presumed valid. See id., ¶43. The 155 Patent, entitled "TREATMENT PROCESS FOR LOGS USED IN FURNITURE

CONSTRUCTION AND FURNITURE COMPONENTS FORMED FROM SUCH TREATED LOGS" was duly and legally issued by the United States Patent and Trademark Office on October 5, 2010 after full and fair examination. See id., ¶ 44. United General is the assignee of all rights, title, and interest in and to the 155 Patent as of June 12, 2015 and possesses all rights of recovery under the 155 Patent, including the right to recover damages for past infringement. See id.

The 155 Patent covers the following process:

> A process for treating wooden logs to prevent cracking and increase durability includes the steps of cutting a longitudinal slot along the length of the log, forming a generally V-shaped notch by drying the log to a desired moisture content, charring the log to a desired coloration, bathing the log in a protective solution, and drying the log. The slot is cut to a point less than or equal to the radius of the log. The charring of the log can be accomplished by the use of a blowtorch.

Id., ¶ 45 & Exhibit F, Abstract. 2nds had actual notice of the 155 patent at least as early as March 19, 2015. See id., ¶ 46. United General alleges that 2nds is infringing the 155 patent under 35 U.S.C. § 271 by importing into the United States for sale its log furniture products, including but not limited to the "Rattan Saddle Stool," "Rattan Single Rocker," "Double Rocker," "Single Rocker," and "Round Bar Stool," that are manufactured using the patented process. Id., ¶ 47.

United General sent three cease and desist letters to 2nds regarding its infringement of the 155 patent. See id., ¶ 49. The letters, dated March 19, 2015, April 24, 2015, and May 15, 2015, requested a substantive response from 2nds. See id. All three requests were ignored. See id.

United General filed this lawsuit on June 30, 2015 and later amended its complaint on August 24, 205. See Record Documents 1 & 13. In its First Amended Complaint,

United General alleges six counts of patent infringement. See Record Document 13. 2nds filed the instant Motion to Dismiss, seeking dismissal of Count 6 on the ground that United General fails to state a claim upon which relief can be granted. See Record Document 16.

## II.     Law and Analysis.

### A.     Rule 12(b)(6) Standard.

Motions to dismiss are not unique to patent law; thus, they are evaluated under the applicable law of the regional circuit. See Lubrizol Specialty Prod., Inc. v. Flowchem LLC, 165 F.Supp.3d 534, 537 (S.D. Tex. 2016), citing In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1331 (Fed.Cir.2012); Addiction and Detoxification Institute LLC v. Carpenter, 620 Fed.Appx. 934, 936 (Fed.Cir. 2015). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. See id., citing Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir.2011). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. See id., citing Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147.

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-556, 127 S.Ct. 1955, 1965 (2007). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556

U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Prior to the amendments to the Federal Rules of Civil Procedure effective December 1, 2015, Form 18 informed the adequacy of claims of direct infringement in a patent infringement complaint." Id., citing In re Bill of Lading, 681 F.3d at 1334. "Form 18 required only minimal pleading of direct infringement claims." Id. On December 1, 2015, the Federal Rules of Civil Procedure were amended and Form 18 was abrogated in favor of the pleading requirements of Federal Rule of Civil Procedure 8. See id. "The Supreme Court, when sending the proposed amendments to Congress, stated that they would be effective December 1, 2015, and would govern proceedings in civil cases filed after that date and '*insofar as just and practicable, all proceedings then pending.*'" Id. (emphasis added).

The instant civil case was filed on June 30, 2015, prior to the December 1, 2015 effective date of the new amendments. See Record Document 1. As a result, the new pleading requirements apply to this case only if this Court finds that it is "just and practicable." Lubrizol Specialty Prod., Inc., 165 F.Supp.3d at 537.

**B. Process or Method Patent Infringement.**

In Count 6, United General alleges that 2nds infringed the 155 Patent by importing for sale specific log furniture products that were manufactured using the patented process. Title 35, United States Code, Section 271(g) provides, in pertinent part:

> Whoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent.

Patent infringement under Section 271(g) is a form of direct infringement. See Zond, LLC

v. Renesas Elecs. Corp., No. CIV.A. 13-11625-NMG, 2014 WL 4161348, at *4 (D. Mass. Aug. 15, 2014). The plain language of Section 271(g) is not limited to instances where the manufacture of the product via an infringing process is performed abroad. See McRO, Inc. v. Namco Bandai Games Am., Inc., 23 F.Supp.3d 1113, 1118 (C.D. Cal. 2013). Rather, Section 271(g) establishes liability for importation, or offers for sale, sales, or uses of a product so manufactured. See id. The "acts are listed in the disjunctive and are thus independent acts of infringement." Id. at 1118-1119.

"The target of Section 271(g) is the importation of a product made using a patented process or its subsequent sale within the United States." Zond, LLC v. Toshiba Corp., No. 13-CV-11581-DJC, 2014 WL 4056024, at *3 (D.Mass. Aug. 14, 2014), *citing* Bayer AG v. Housey Pharms., Inc., 340 F.3d 1367, 1375 (Fed.Cir. 2003). While Section 271(g) requires a physical product, the offending physical product is that which was manufactured using the patented process. See Bayer AG, 340 F.3d at 1377. The product itself is not as important as "the process used to obtain the [product]." Zond, LLC v. Toshiba Corp., 2014 WL 4056024, at *3.

**C.    Analysis.**

2nds argues that United General has failed to allege sufficient facts to state a claim for process patent infringement. See Record Document 16-1 at 3. 2nds contends that United General alleges no factual basis for its claim that the accused products were manufactured using the 155 Patent process. See Record Document 19 at 6. Additionally, 2nds argues that "Form 18 does not apply because it does not contemplate a claim for importation of a product made with a patented process." Id. at 7. 2nds further maintains that United General "cannot rely on the woefully inadequate Form 18" because it conflicts

with Twombly and Iqbal. Id. at 12.

Conversely, United General argues that its amended complaint meets the applicable pleading standard for direct infringement, as provided in Form 18.[1] See Record Document 18 at 3. Paragraph 47 of Count 6 of the First Amended Complaint alleges: "Upon information and belief, Building Materials is infringing the '155 patent under 35 U.S.C. § 271 by importing into the United States for sale its log furniture products, including but not limited to the "Rattan Saddle Stool," "Rattan Single Rocker," "Double Rocker," "Single Rocker," and "Round Bar Stool," that are manufactured using the patented process." Record Document 13, ¶ 47. Paragraph 45 specifies the specific patented process for treating wooden logs provided by the 155 patent. See id., ¶ 45.

Here, the Court finds that applying the new pleading requirements in this case would not be "just and practicable." Lubrizol Specialty Prod., Inc., 165 F.Supp.3d at 537. Both the original and amended complaints in this matter were filed well before December 1, 2015, the date the Federal Rules of Civil Procedure were amended and Form 18 was abrogated. In the interest of justice and practicability, this Court believes that Form 18 should still be used to analyze the sufficiency of the pleadings in this matter.

A review of paragraphs 42-49 of the First Amended Complaint reveals that United General has met the minimal pleading requirements for direct infringement claims set forth in Form 18. Moreover, the plain language of Section 271(g) does not limit liability to

---

[1] Form 18 required an allegation of jurisdiction; a statement that the plaintiff owns the patent; a statement that defendant has been infringing the patent by one or more of the activities proscribed under 35 U.S.C. § 271; a statement that the plaintiff has given the defendant notice of its infringement; and a demand for an injunction and damages. See Record Document 18, *citing* Zond, LLC, 2014 WL 4161348, at *4.

instances where a product was manufactured using an infringing process performed abroad. See McRO, Inc., 23 F.Supp.3d at 1118. Instead, the statute employs disjunctive language and imposes liability for the importation, or offers for sale, sales, or uses of a product so manufactured. See id. at 1118-1119. This Court finds that neither Form 18 nor Rule 8(a)(2) require more than the factual pleadings outlining the patented process and the allegation that 2nds is "infringing the '155 patent under 35 U.S.C. § 271 by importing into the United States for sale its log furniture products, including but not limited to the 'Rattan Saddle Stool,' 'Rattan Single Rocker,' 'Double Rocker,' 'Single Rocker,' and 'Round Bar Stool,' that are manufactured using the patented process." Record Document 13, ¶¶ 45-47. 2nds' Motion to Dismiss Count 6 is, therefore, **DENIED**.

### III. Conclusion.

Based on the foregoing analysis, this Court finds that Form 18 should still be used to analyze the sufficiency of the pleadings in this matter, as applying the new pleading requirements would not be just and practicable. Additionally, the Court finds that neither Form 18 nor Rule 8(a)(2) require more than the factual pleadings outlining the patented process and the allegation that 2nds is infringing the '155 patent by importing into the United States for sale its log furniture products that are manufactured using the patented process.

Accordingly,

**IT IS ORDERED** that 2nds' Motion to Dismiss Count 6 (Record Document 16) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue

herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 7th day of February, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE